UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON T. BLOWERS,

        Plaintiff,

  -against-            6:16-cv-0332 (LEK/ATB)

NEW YORK STATE POLICE
TROOPER JT NIGRO, JR., *et al.*,

        Defendants

## **ORDER**

  This matter comes before the Court following a Report-Recommendation filed on March 28, 2016, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation").

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court must review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. See Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Application (Dkt. No. 2) to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED**. Plaintiff's official capacity claims and claim that he had the right to an investigation are **dismissed with prejudice**; his search and seizure claim is **dismissed without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action he must file an amended complaint with respect to his search and seizure claim **within forty-five (45) days** of the filing date of this Order; and it is further

**ORDERED**, that upon the filing of an amended complaint as directed above, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED**, that in the event Plaintiff fails to file a signed amended complaint **within forty-five (45) days** of the filing date of this Order, the Clerk shall enter judgment dismissing this action due to Plaintiff's failure to state a claim upon which relief may be granted and to comply with the terms of this Order, without further order of the Court; and it is further

**ORDERED**, that the Court serve a copy of this Order on all parties in accordance with the

Local Rules.

**IT IS SO ORDERED**.

DATED:   April 28, 2016
         Albany, New York

Lawrence E. Kahn
U.S. District Judge